**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>Bernard Jean Philippe<br> and<br>Katherine Jean Philippe | CHAPTER 13<br><br>CASE NO.   5:25-bk-02342-MJC<br><br>\_\_\_\_ ORIGINAL PLAN<br> 2ND  AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)<br>  0   Number of Motions to Avoid Liens<br>  0   Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [X] Included | [ ] Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [ ] Included | [X] Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid    $0.00    (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is   $4,716.00   , plus other payments and property stated in § 1B below:

| Start<br>mm/yyyy | End<br>mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 12/2025 | 11/2028 | $131.00 | $0.00 | $131.00 | $4,716.00 |
| | | | | Total Payments: | $4,716.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:  X  Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is     $0.00    . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

 X  No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** Check one.

    X  None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

    X  None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence**. *Check one.*

    __  None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

    X  The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Mr. Cooper | 201 Sunset Rd, Roaring Brook Township, PA | 1,025.88 | 0 | 1025.88 |
| Santander Bank | 2023 Toyota RAV4 | 89.78 | 0 | 89.78 |
| Santander Bank | 2019 Chevrolet Traverse | 99.06 | 0 | 99.06 |

   D. **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

    X  None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

   E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F. Surrender of Collateral.** *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

__X__ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3. PRIORITY CLAIMS.**

   **A. Administrative Claims**

      1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. <u>Attorney's fees.</u> Complete only one of the following options:

         a. In addition to the retainer of _____ already paid by the Debtor, the amount of _____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

         b. $ __415.00__ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

         __X__ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   **B. Priority Claims (including certain Domestic Support Obligations)**

   Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

   **C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

      __X__ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

   **A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   __X__ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   <u>X</u>   None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*     **See § 9.**

   __plan confirmation.
   __entry of discharge.
   __closing of case.

7. **DISCHARGE: (Check one)**

   ( x )   The debtor will seek a discharge pursuant to § 1328(a).

   (   )   The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:
   Level 1: <u>Pre-Confirmation Distributions listed in ¶ 2.A</u>
   Level 2: <u>Debtor's Attorney's Fees in ¶ 3.A.(2)</u>
   Level 3: <u>Domestic Support Obligations</u>
   Level 4: <u>Amounts listed in ¶ 2.E, pro rata</u>
   Level 5: <u>Amounts listed in ¶ 2.C, pro rata. If a claim is filed the allowed amount of the arrearage shall be paid.</u>
   Level 6: <u>Amounts listed in ¶ 2.D, pro rata</u>
   Level 7: <u>Amounts listed in ¶ 4.A, pro rata</u>
   Level 8: <u>Priority amounts of non-Level 3 allowed claims listed in ¶ 3.B, pro rata</u>
   Level 9: <u>General unsecured claims</u>

   *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

9. **NONSTANDARD PLAN PROVISIONS**

   **Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

   A.   **Vesting of Property.** Property of the estate vests in the debtor on confirmation, except for: (i) assets listed in Part 1 of Schedule A/B, which vest when the case closes and (ii) any asset that Debtor acquires post-confirmation and discloses on Schedule A/B, which vests upon discharge.

   Dated: <u>November 10, 2025</u>        _____
                                          Attorney for Debtor



_____
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.